# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE CERTIFICATE HOLDERS OF HARBORVIEW MORTGAGE LOAN TRUST SERIES 2005-7, MORTGAGE PASS-THROUGH CERTIFICATES SERIES, 2005-7,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01276-RFB-NJK<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE CERTIFICATE HOLDERS OF HARBORVIEW MORTGAGE LOAN TRUST SERIES 2005-7, MORTGAGE PASS-THROUGH CERTIFICATES SERIES, 2005-7; BANK OF AMERICA, N.A., a national association; NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; EDGAR N. CONSTANTINO, SR., an individual; and ELIZABETH CONSTANTINO, an individual,<br><br>Counter/Cross Defendants. | |

## I. INTRODUCTION

Before the Court are SFR Investments Pool 1, LLC's motions for default judgment against Edgar N. Constantino and against Elizabeth Constantino. ECF Nos. 81, 82.

## II. PROCEDURAL BACKGROUND

Deutsche Bank National Trust Company sued defendant on July 6, 2015. ECF Nos. 1, 4. SFR Investments answered the complaint and asserted crossclaims against the Constantinos. ECF No. 12. SFR filed proof of service of the crosscomplaint on the Constantinos on August 13, 2015, indicating both defendants were served on August 8, 2015. ECF Nos. 22, 23. Neither Edgar Constantino nor Elizabeth Constantino appeared to defend against the crossclaim. Thus, the Clerk of the Court entered default against both defendants on March 28, 2016. ECF Nos. 56, 57.

This matter was then stayed on September 2, 2016, pending the Ninth Circuit Court of Appeal's mandate in Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154 (9th Cir. 2016). ECF No. 70. The stay was lifted on April 8, 2019. ECF No. 75.

SFR Investments now moves for default judgment against the Constantinos. ECF Nos. 81, 82. No oppositions were filed.

## III. ALLEGED FACTS

In the crosscomplaint, SFR Investments asserts three claims: a claim for declaratory relief to quiet title to the property at 5989 Varese Drive, Las Vegas, Nevada 89141; a claim for preliminary and permanent injunctive relief; and a claim for slander of title against Deutsche Bank, Bank of America, and Nationstar. ECF No. 12. It alleges the following:

Southern Highlands Community Association, through its agent Alessi & Koenig, LLC, foreclosed on the property after required homeowners' association dues became more than nine-months delinquent. The foreclosure was conducted according to Chapter 116 of the Nevada Revised Statutes. SFR Investments purchased the property on September 19, 2012 by placing the highest bid at a public foreclosure auction.

/ / /

The Constantinos had previously obtained title to the property in July 2003. A deed of trust was recorded against the property on May 23, 2005. Deutsche Bank is the current beneficiary under the deed of trust.

**IV.    LEGAL STANDARD**

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**V.    DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against Edgar Constantino and Elizabeth Constantino is warranted. SFR Investments seeks a declaration that

/ / /

neither of the Constantinos have a right, title, or interest in the property as a result of the foreclosure sale.

The first and sixth factors favor granting default judgment because the Constantinos have failed to defend—or appear at all in this matter—since being served with the summons and the crosscomplaint on August 8, 2015. Their failure to appear for the past four years prejudices SFR Investments by preventing it from determining its rights to the property. Further, their failure to appear for a substantial period of time—*over four years*—demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, the Constantinos' failure to appear prevents the Court from determining the matter on its merits.

The second and third factors also favor a grant of default judgment. The crosscomplaint contains sufficient allegations to demonstrate a meritorious claim for the declaratory relief that SFR Investments seeks. The recorded documents and declarations attached to the motions for default judgment further support the claim that the Constantinos have no right, title, or interest in the property as a result of the foreclosure sale.

Finally, there is no money at stake to counsel against the grant of default judgment; SFR Investments seeks only declaratory relief. Thus, the Court finds the Eitel factors favor the grant of default judgment against Edgar Constantino and Elizabeth Constantino as to crossclaim one and declares that the foreclosure sale extinguished any right, title, or interest that Edgar Constantino or Elizabeth Constantino previously possessed in the property. The Court grants the motions for default judgment accordingly.

/ / /

/ / /

/ / /

/ / /

## VI. CONCLUSION

**IT IS ORDERED** that SFR Investments Pool 1, LLC's [81] motion for default judgment and [82] motion for default judgment are GRANTED. The Court finds in favor of SFR Investments on crossclaim one and declares that SFR Investments Pool 1, LLC acquired the property at 5989 Varese Drive, Las Vegas, Nevada 89141 free and clear of any right, title, or interest previously held by Edgar Constantino or Elizabeth Constantino.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment against the Constantino's in favor of SFR.

DATED: August 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**