**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE CERTIFICATE HOLDERS OF HARBORVIEW MORTGAGE LOAN TRUST SERIES 2005-7, MORTGAGE PASS-THROUGH CERTIFICATES SERIES, 2005-7,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01276-RFB-NJK<br><br>**ORDER** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE CERTIFICATE HOLDERS OF HARBORVIEW MORTGAGE LOAN TRUST SERIES 2005-7, MORTGAGE PASS-THROUGH CERTIFICATES SERIES, 2005-7; BANK OF AMERICA, N.A., a national association; NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; EDGAR N. CONSTANTINO, SR., an individual; and ELIZABETH CONSTANTINO, an individual,<br><br>Counter/Cross Defendants. | |

## I. INTRODUCTION

Before the Court is Defendant/Counter Claimant SFR Investments Pool 1, LLC's ("SFR") Motion for Reconsideration. ECF No.102. For the following reasons, the Court denies the motion.

## II. PROCEDURAL BACKGROUND

Deutsche Bank National Trust Company sued the Defendants on July 6, 2015. ECF No. 1. This matter was then stayed on September 2, 2016, pending the Ninth Circuit Court of Appeal's mandate in Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154 (9th Cir. 2016). ECF No. 70. The stay was lifted on April 8, 2019. ECF No. 75. On August 14, 2019, the Court held a hearing on then-pending motions for summary judgment and granted summary judgment in favor of Deutsche Bank. ECF No. 99. This written order now follows.

## III. FACTUAL BACKGROUND

The Court made the following findings of disputed and undisputed facts during the August 14, 2019 hearing:

Edgar and Elizabeth Constantino refinanced property at 5989 Varese Drive, Las Vegas, Nevada 89141 in 2005 by obtaining a loan. The loan was secured by a deed of trust that identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary. MERS assigned the deed of trust to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP ("BAC") on May 23, 2011. BAC merged with Bank of America, N.A. effective July 1, 2011. Bank of America then assigned the deed of trust to Deutsche Bank via an assignment that was recorded on July 23, 2013.

The property sits in a community subject to the covenants, conditions, and restrictions of Southern Highlands Association (the "HOA"). Under the CC&Rs, the property owners must pay assessments to the HOA to fund the management and maintenance of the community. The CC&Rs

provide in part that "enforcement of any provision of this Declaration shall [not] defeat or render invalid the rights of the beneficiary of any Recorded first deed of trust encumbering a Unit, made in good faith and for value."

The Constantinos failed to timely pay the required assessments to the HOA. Thus, the HOA, through its agent Alessi & Koenig, LLC ("Alessi"), initiated the nonjudicial foreclosure process under NRS Chapter 116 on September 15, 2011 by recording a notice of delinquent assessment lien against the property. The HOA, through Alessi, then recorded a notice of default and election to sell on April 11, 2012. The HOA, through Alessi, also recorded a notice of trustee's sale on August 21, 2012. The notices did not distinguish the superpriority portion of the HOA's lien from the subpriority portion of the HOA's lien. The notices also did not identify the how the superpriority portion of the lien specifically could be satisfied instead the entire amount was stated on the notices. On May 15, 2012, before the foreclosure sale, Rock Jung from Miles Bauer sent a letter on behalf of Bank of America to Alessi, requesting from the Association a ledger that identified the superpriority portion of the lien. The letter stated in part:

> "It is unclear, based upon the information known to date, what amount the nine months' of common assessments pre-dating the NOD actually are. That amount, whatever it is, is the amount BANA should be required to rightfully pay to fully discharge its obligations to the HOA per NRS Chapter 116.3102 and my client hereby offers to pay that sum upon presentation of adequate proof of the same by the HOA."

Alessi never responded to the letter. Pursuant to the testimony of David Alessi, Alessi's corporate representative, at the time Alessi had a policy of rejecting checks for nine months of unpaid assessments to Alessi, when they contained "restrictive language" advising that acceptance of the payment would fully discharge the deed of trust holder's obligations to the HOA. The HOA foreclosed on the property on September 19, 2012, selling it to SFR for $9,100.

### IV. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move to alter or amend a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

### V. DISCUSSION

This Court finds that there has been a clarification of the law by the Nevada Supreme Court which requires this Court to reconsider its prior order as a request for reconsideration has been timely filed. This Court had previously granted summary judgment based in part upon Nevada law regarding tender in the Jessup decision. Bank of America, N.A. v. Thomas Jessup, LLC Series VII, 435 P.3d 1217 (Nev. 2019). That decision and the doctrine of tender as it relates to superpriority liens have since been clarified and modified by the Nevada Supreme Court's decision in 7510 Perla Del Mar Ave Tr. v. Bank of Am., 458 P.3d 348 (Nev. 2020). This latter decision

- 5 -

emphasizes as a requirement for tender that the policy of rejecting tender offers for just the superpriority portion of the lien, must have been known to establish futility. Id. at 351-52.

In this case, Deutsche Bank submits evidence, including excerpt deposition testimony of David Alessi, 30(b)(6) corporate designee, to establish that Alessi & Koenig had a policy of refusing checks of nine months of assessments accompanied by a letter with "restricting language." Under current Nevada law, as noted, tender is excused when the HOA trustee has a known policy of rejecting checks. Id. However, Perla Del Mar makes clear that it is not enough that the HOA trustee have a policy of rejecting checks—for futility to be demonstrated, there must also be evidence that the entity making the tender knew of the policy. Id. at 351 (upholding lower court's finding of futility "[b]ecause the evidence at trial established that at the time relevant to this action, it was NAS's business policy to have its receptions reject any check for less than the full lien amount, and because the evidence further established that Miles Bauer and the Bank had knowledge of this business practice.") (emphasis added). Here, there is no such evidence in the record. Deutsche Bank attaches no affidavit or declaration from anyone at Miles Bauer who attests that the policy was known to anyone working at Miles Bauer or its client. While there may be evidence of such knowledge in other cases, Deutsche Bank must submit evidence in this record, that establishes that its predecessor-in interest had knowledge of Alessi's policy. Therefore, there is a genuine dispute as to material facts.

For the reasons stated, the Court grants SFR's motion to reconsider its judgment in this case.

**VI.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for

1   Reconsideration (ECF No. 102) is GRANTED.

2        **IT IS FURTHER ORDERED** that the Clerk of Court shall vacate the judgment in this
3   case.

4        **IT IS FURTHER ORDERED** that parties must issue a Proposed Joint Trial Order within
5   30 days.

     DATED:  September 30, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**