UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *Trustee for the Certificate Holders of Harborview Mortgage Loan Trust Series 2005-7, Mortgage Pass-through Certificate Series, 2005-7,*<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, *et al.*,<br><br>Defendants.<br><br>SFR INVESTMENTS POOL I, LLC,<br><br>Counter/Cross Claimant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, *Trustee for the Certificate Holders of Harborview Mortgage Loan Trust Series 2005-7, Mortgage Pass-through Certificate Series, 2005-7, et al.*,<br><br>Counter/Cross Defendants. | Case No. 2:15-cv-01276-RFB-NJK<br><br>**ORDER**<br><br>**Findings of Fact and Conclusions of Law After Court Trial** |

This in a quiet title and declaratory judgement action regarding real property located at 5989 Varese Drive, Las Vegas, Nevada 89141 ("the Property"), with parties and facts recognizable to anyone familiar with the explosion of litigation following the Nevada Supreme Court's opinion in <u>SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.</u>, 334 P.3d 408 (Nev. 2014). Plaintiff-Counter Defendant Deutsche Bank National Trust Company ("Deutsche"), in their role as trustee, seeks a

declaration that a foreclosure on the Property did not extinguish the deed of trust securing a $282,400 mortgage loan. Deutsche is joined by Cross Defendants Bank of America, N.A., and Nationstar Mortgage LLC. Defendant-Counter Claimant SFR Investment Pool I, LLC ("SFR"), which purchased the Property at that foreclosure sale, seeks a declaration that the foreclosure did extinguish the deed of trust. Having considered the testimony and evidence presented at trial, the briefs of counsel, and for the reasons set forth below, the Court now enters the following Findings of Fact and Conclusions of Law in accordance with its obligations under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 52(a).

## I. PROCEDURAL HISTORY

This action originated on July 6, 2015, when Deutsche filed the operative Complaint and a Notice of *Lis Pendens* with this Court. ECF Nos. 1, 4. On July 30, 2015, SFR answered and asserted counter and cross claims. ECF No. 12. A scheduling order was entered on September 15, 2015. ECF No. 29. However, the matter was stayed on September 2, 2016, pending the Ninth Circuit's resolution of Bourne Valley Court Trust v. Wells Fargo Bank, 832 F.3d 1154 (9th Cir. 2016). ECF No. 70. The Court lifted the stay and issued an amended scheduling order on March 8, 2019. ECF No. 75.

On July 31, 2019, the remaining parties—SFR, Deutsche, and the Southern Highlands Community Association—each moved for summary judgment in their favor. ECF Nos. 83-85. These motions were fully briefed. ECF Nos. 86-89, 92-94. At an August 14, 2019, hearing, the Court granted summary judgement to Deutsche Bank. ECF No. 99. In doing so, the Court declared that the foreclosure sale did not extinguish the deed of trust and expunged the *Lis Pendens*. Id. On September 12, 2019, SFR moved for reconsideration, ECF No. 102, and the motion was fully briefed, ECF Nos. 103, 104. On September 30, 2020, the Court granted the motion for reconsideration. ECF No. 109.

On October 16, 2023, the Court held a bench trial. ECF No. 147. The following day, SFR was dismissed from the action, and the Court heard closing arguments. ECF Nos. 152, 151. The Court's present Order follows.

## II. JURISDICTION AND VENUE

The Court has diversity jurisdiction. 28 U.S.C. § 1332. Deutsche is organized and has its principal place of business in New York. SFR is a Nevada LLC, whose officer and manager is a citizen of Nevada. Because there is complete diversity and the amount in controversy exceeds $75,000, the Court has jurisdiction.[1] See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."); id. ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). The Court also has federal question jurisdiction. 28 U.S.C. § 1331. Deutsche sought a declaration that the Nevada statute was facially unconstitutional under the Fourteenth Amendment. This required resolution of a substantial question of federal law. Despite that claim being resolved earlier in this case, the Court retained supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

Venue is proper in the District of Nevada under 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to the claims occurred here, and the property at issue is in this District.

## III. FINDINGS OF FACT

The Court makes the following findings of fact based upon the bench trial.

1. The Property is located at 5989 Varese Drive, Las Vegas, Nevada 89141, within the Southern Highlands Community Association ("the HOA") and subject to the HOA's covenants, conditions, and restrictions.
2. Olympia Management was the HOA's managing agent at the relevant times.
3. In May 2005, Edgar and Elizabeth Constantino refinanced the Property with a $282,400.00 loan from Countrywide Home Loans, Inc., and secured that loan with a deed of trust ("the Deed of Trust") on the Property recorded with the Clark County Recorder ("CCR") on May 23, 2005.

---

[1] The Court notes that all prior parties to this action were not citizens of New York, protecting diversity. See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004).

4. The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. ("MERS"), as the original beneficiary.

5. MERS assigned the Deed of Trust to BAC Home Loans Servicing LP PKA Countrywide Home Loans Servicing, LC, by an instrument recorded with the CCR on May 23, 2011.

6. BAC Home Loans Servicing LP merged into Bank of America, N.A. ("BANA") effective July 1, 2011.

7. BANA assigned the Deed of Trust to Deutsche by an assignment recorded with the CCR on July 23, 2013.

8. Deutsche is the current Beneficiary under the Deed of Trust.

9. The HOA, through their collection agent regarding the property, Alessi & Koenig ("A&K"), recorded a notice of delinquent assessment lien with the CCR on September 15, 2021.

10. The HOA, through A&K, recorded a notice of default and election to sell with the CCR on April 11, 2012.

11. The HOA, through A&K, recorded a notice of trustee's sale on August 21, 2012.

12. The HOA sold the Property at auction on September 19, 2012 ("Foreclosure Sale").

13. The HOA, through A&K, recorded a trustee's deed upon sale with the CCR on October 9, 2012, indicating that SFR purchased the property at the Foreclosure Sale for $9,100.00.

13. Miles Bauer acted as BANA's agent regarding the foreclosure proceedings against the Property ("the Foreclosure Proceedings").

14. In the relevant timeframe, Miles Bauer would generally send letters to homeowners' association agents requesting information they could use to calculate the superpriority portion of the lien ("initial letters").

15. At one point either before or after sale of the Property, A&K's general practice was to respond to initial letters with a letter demanding payoff of all assessments due, including those past nine months, plus collection fees and costs ("payoff demand

letters"). At a later point, A&K's general practice in cases involving the HOA, was to decline to provide payoff information to Miles Bauer.

16. During and in the years surrounding 2012, A&K and other homeowners' association agents had "fluid" positions regarding tender. A&K's policy at the relevant times was property-specific and cannot be determined in this case.

17. In the relevant timeframe, where payoff information was provided, Miles Bauer would respond with a check for nine months of assessments attached to a letter indicating this was payment in full ("conditional tender letters").

18. Rock Jung was an employee of Miles Bauer involved in handling the Foreclosure Proceedings. Rock Jung has no specific recollection of the Foreclosure Proceedings.

19. Rock Jung drafted an initial letter in May 2012 regarding the Property. That letter was never sent to A&K or the HOA.

20. No other letter or other offer of tender or actual tender was made by Miles Bauer concerning the Property during the relevant times.

21. There was no communication between Miles Bauer and Olympia concerning the Foreclosure Proceedings.

IV. **CONCLUSIONS OF LAW**

1. Both Deutsche and SFR seek declaratory relief regarding whether the Property is still burdened by the Deed of Trust. Under Nevada law, the requirements for declaratory relief are as follows: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination. Kress v. Corey, 189 P.2d 352, 364 (Nev. 1948).

2. The Court concludes each of the four elements of Kress are met. Deutsche and SFR

have adverse positions in a justiciable controversy concerning whether the Property is subject to the Deed of Trust. The Court concludes that justiciable controversy between the Parties concerns whether the Deed of Trust was extinguished at the foreclosure sale.

3. In Nevada, a proper foreclosure on a NRS § 116.3116(2) superpriority portion of a lien held by a Homeowners Association extinguishes a first deed of trust. SFR Invs. Pool 1, LLC, 334 P.3d at 743. The superpriority portion comprises of nine months' worth of commons assessments and any nuisance-abatement or maintenance charges. Nev. Rev. Stats. § 116.3116(3).

4. A homeowners' association may foreclose on its superpriority lien through a non-judicial foreclosure sale. Nev. Rev. Stats. § 116.31162; CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n, 962 F.3d 1103, 1106 (9th Cir. 2020). To initiate a non-judicial foreclosure proceeding, a Homeowners Association must give notice of delinquency and wait 90 days to allow the homeowner to pay off the lien. CitiMortgage, Inc., 962 F.3d at 1106 (citing Nev. Rev. Stats. § 116.31162).

5. The holder of a deed of trust can preserve their deed by properly tendering the superpriority portion of the HOA's lien before the foreclosure sale. Bank of Am., N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 116 (Nev. 2018). Under the Nevada Excused Tender Doctrine, formal tender can be excused for futility. See 7510 Perla Del Mar Ave. Trust v. Bank of Am., N.A., 458 P.3d 348 (Nev. 2020) (en banc) (hereinafter "Perla"). Under Perla, a beneficiary is excused from making tender where the "evidence shows that the party entitled to payment had a *known* policy of rejecting such payments." Id. at 349 (emphasis supplied).

6. Per Perla, it is not enough that a homeowners association trustee has a policy of rejecting checks. For futility to be demonstrated, there must be evidence that the entity making the tender actually knew of the policy. See id. at 351 (upholding lower court's finding of futility "[b]ecause the evidence at trial established that at the time relevant to this action, it was NAS's business policy to . . . reject any check for less

than the full lien amount, and because the evidence *further established that Miles Bauer and the Bank had knowledge of this business practice*.") (emphasis added).

7. The Court concludes that as both a matter of fact and law that no tender was made by Miles Bauer concerning the Property. Further, even had Miles Bauer actually partially tendered in this case, the Court finds that A&K's policy was to accept such a partial tender pending litigation.

8. Based upon the fact that A&K had a fluid, property-specific policy regarding the superpriority lien tenders, the Court finds that Plaintiff cannot meet the burden established by the Nevada Supreme Court in Perla, 485 P.3d 348, as neither the HOA nor A&K had a known policy of rejection so as to render tender futile.

9. The Court concludes that, because the superpriority portion of the lien was neither tendered nor was such tender excused, the foreclosure extinguished the Deed of Trust and declaratory relief to that effect is appropriate.

V. **JUDGEMENT**

For the foregoing reasons, the Court finds in favor of SFR Investment Pool I, LLC. The Court declares that the deed of trust, originally recorded as Instrument No. 20050523-0002775, is no longer an encumbrance on the property, located 5989 Varese Drive, Las Vegas, Nevada 89141. The Court declares that SFR Investment Pool I, LLC, purchased the property free and clear of the deed of trust. The Clerk of Court is instructed to enter judgement and to close this case.

**DATED:** September 30, 2024.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**